1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ENERGIZER BRANDS II LLC,

                  Plaintiff,

v.

IBRAHIM NASSER, an individual, and SERIOUS SCENTS, INC.,

                  Defendants.

Case No.:  3:18-cv-656-BTM-MDD

**ORDER TO SHOW CAUSE**

The Court orders Defendants to show cause as to why Defendant Serious Scents should not be dismissed as a Defendant.

Generally, corporations may not appear pro se. *See D-Bean Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") (internal quotations and alterations omitted).  Courts have held that this rule applies equally to dissolved corporations.  *See Chanel, Inc. v. Pishon Trading, Inc.*, No. 11-cv-10281-MWF-CWX, 2013 WL 12123991, at *2 (C.D. Cal. Mar. 12, 2013) (quoting *Zen Corp. v. New W. Bus. Dev.*, No. 03-cv-8837ABC-CTX, 2004 WL 1055279, at *1 (C.D. Cal.

1  May 5, 2004) ("Although the Ninth Circuit has not addressed the issue of whether
2  a dissolved corporation may be represented by one of its former directors and
3  shareholders appearing *pro se,* courts in other circuits have concluded that such
4  representation is not appropriate.")).  Notwithstanding these rules, Nasser
5  represents both himself and Serious Scents, Inc., a corporation of unspecified
6  form that was allegedly dissolved in April 19, 2017. (*See* 17-cv-863-BTM-MDD,
7  ECF No. 58-1 at 2 n.2).

8        With respect to dissolution, a corporation's capacity to sue or be sued is
9  governed "by the law under which it was organized."  Fed. R. Civ. P. 17(b)(2).
10  California's Corporations Code governs, and provides that a dissolved
11  corporation "nevertheless continues to exist for the purpose of winding up its
12  affairs, *prosecuting and defending actions by or against it and enabling it to*
13  *collect and discharge obligations*, dispose of and convey its property and collect
14  and divide its assets, but not for the purpose of continuing business except so far
15  as necessary for the winding up thereof." Cal. Corp. Code. § 2010(a) (emphasis
16  added); *see also Penasquitos Inc. v. Superior Court*, 812 P.2d 154 (Cal. 1991).
17  In addition, "no action or proceeding to which a corporation is a party abates by
18  the dissolution of the corporation or by reason of proceedings for winding up and
19  dissolution thereof."  Cal. Corp. Code. § 2010(b).

20        A dissolved corporation may sue for injuries arising from predissolution
21  conduct, and be sued for both pre- and postdissolution conduct. *See*
22  *Arunachalam v. Pazuniak*, No. CV 15-259-RGA, 2017 WL 3978000, at *9 (D.
23  Del. Sept. 11, 2017) ("The California Code sets no time limit for a dissolved
24  corporation to sue for injuries arising from predissolution conduct by others.")
25  (citing *Greb v. Diamond Int'l Corp.*, 295 P.3d 353, 355 (Cal. 2013)); *City of Rialto*
26  *v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal. 2007)
27  ("Dissolved corporations may be sued for both pre-
28  and postdissolution conduct.");  *Race Safe Sys., Inc. v. Indy Racing League*, 251

3:18-cv-656-BTM-MDD

F. Supp. 2d 1106, 1108 (N.D.N.Y. 2003) (stating that where states provide "that a dissolved corporation may maintain a suit to collect its assets . . . the corporation will then have the capacity to sue in the federal courts even after dissolution"). It thus appears that the dissolution of Serious Scents does not impede its ability to sue or defend claims regarding pre-dissolution conduct, but the Court requests briefing from the parties on this issue.

Defendants Ibrahim Nasser and Serious Scents must show cause by filing a brief by April 18, 2019 stating why Serious Scents should not be dismissed because it is not represented by an attorney and/or is a dissolved corporation.

Any other party may respond by April 28, 2019. Briefs should not exceed 10 pages.

IT IS SO ORDERED.

Dated: March 26, 2019

Honorable Barry Ted Moskowitz
United States District Judge